UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD A. QUINONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAIMLERCHRYSLER CORP., )<br>)<br>Defendant )<br>) | Case No. 4:05 CV 1067 JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant DaimlerChrysler's Motion to Dismiss. Defendant argues that Plaintiff's suit alleging discrimination is untimely. For the reasons discussed below, the Court agrees and grants Defendant's Motion to Dismiss.

Plaintiff worked for Defendant and its corporate predecessors from 1984 until August 2003. Plaintiff underwent quadruple bypass surgery in 2001, and suffered a stroke in August 2003. On February 23, 2005, Plaintiff filed charges of discrimination with the EEOC. He alleges that he was discriminated against because of his gender, age, race, and physical and emotional disabilities. The EEOC closed the file on the charge because it was not timely filed, and issued a right to sue letter on April 15, 2005. (Doc. No. 1, attached exh. 1). Plaintiff filed the Complaint in this suit on July 8, 2005. (Doc. No. 1). Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 20, 2005. The matter is fully briefed and ready for disposition.

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).

A prerequisite to maintaining a civil action under Title VII is the timely filing of charges with the EEOC. Owens v. Ramsey Corp., 656 F.2d 340, 342 (8th Cir. 1981). An EEOC charge is timely filed when it is brought within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5. The doctrines of equitable estoppel or equitable tolling can toll the required time period for filing a charge. "The doctrine of equitable estoppel applies when the employee knows she has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file her suit." Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005). Equitable tolling "focuses on the employee's ignorance of a claim, not on any possible misconduct by the employer, and tolls the limitations period when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim." Id. (internal quotations omitted).

Defendant argues that Plaintiff's Complaint must be dismissed because he did not file a charge with the EEOC within 300 days of the alleged discriminatory actions. The last day that a discriminatory act could have occurred is August 22, 2003, Plaintiff's last day of work. He did not file charges with the EEOC until February 23, 2005, 551 days later.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff concedes that he did not file charges within the 300 day window. He asserts, however, that he was unable to comply with the EEOC requirements because of his disabilities. Though not expressly stated, Plaintiff seems to rely on both equitable estoppel and equitable tolling. He does not provide the Court with any arguments or evidence as to why either should apply. For equitable estoppel, he provides only the conclusory statement that Defendant's alleged discriminatory acts left him "unable to conceptualize what legal options are available to [him] and how to access same." (Complaint, Doc. No. 1 ¶ 6). He similarly provides the Court with no information as to how his heart surgery and stroke prevented him from complying with the 300-day filing period.

Because Plaintiff did not file his charge with the EEOC within the required 300-day time period, his claim must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant DaimlerChrysler's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**.

Dated this 26th day of October, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com